### OF

# THE DECISIONS

#### OF THE

# SUPREME COURT OF ALABAMA.

### JUNE TERM, 1832.

---

### INNERARITY *versus* HITCHCOCK.

1. The act of 1819,[1] on the subject of a change of venue, in civil and criminal cases, superseded the statute of 1818, upon the same subject: and courts have no authority to order a change of venue, after the first trial term of a cause.
2. Where, upon a showing made by a defendant, for a change of venue, it appeared that the showing of the plaintiff was as strong as that of the plaintiff, against the county to which the change was desired; and the Court, after the first trial term, granted such change of venue—the appellate court granted process to restrain the last court from exercising jurisdiction, and returned the case to its original court.

The defendant in error, being declared against in the Circuit court of Mobile, made the usual application for a change of venue. The court below ordered the change to the county of Clark; and the plaintiff resorted to this court, praying its interference, by *mandamus*. It appeared from the record, that the defendant had applied for the change of venue, af-

---

[1] See Aikin's Digest, 285, §149.

ter ·the trial term had elapsed : and the plaintiff had made a like showing against the propriety of the venue being changed to the county of Clarke.

LIPSCOMB, C. J.—This is an action of trespass, to try titles, brought in the Circuit court of Mobile.

After the trial term had passed, and the cause con-tinued, at the next succeeding· term, the defendant moved for, and obtained, a change of venue, to Clarke county.

The plaintiff has applied to this court, to inter-pose, and supersede, and vacate, the order of the Cir-cuit court of Mobile county; and for an injunction to the Circuit court of Clarke county, enjoining that court from receiving, or trying, the cause, &c.

The only question presented for our consideration is, whether it was competent for the Circuit court of Mobile county, to award a change of venue, in this action, after the first trial term had passed.

By the act of the Legislature of Alabama Territo—ry, passed 13th February, 1818,ᵃ it is provided— "That it shall, and may, be lawful for the several courts within this Territory, when any real action may be pending in such courts, to order the change of venue in such action, to any adjacent county, on the party wishing such change, making affidavit that he, she, or they, verily believe that justice can not be done in the county where such suit may be pend-ing," &c.

By the 12th section of an act to regulate judicial proceedings, passed by the Legislature of this. State, December 14th, 1819,ᵇ it is provided, " That the judg-es of the Circuit courts, within their respective cir-cuits, at or before the first trial term of any suit, civil

or criminal, shall have power to change the venue thereof, on good and sufficient cause, set forth, and duly supported by oath, or affirmation: and when a change of venue shall be allowed, in any suit, the trial thereof shall be adjourned under the direction of the judge, to the nearest adjoining county, which is free from the like exception."

Before the passage of the first act, the practice of the courts had been to grant changes of venue, by the rule of the common law, in actions purely personal, on a sufficient showing, made by the party asking such change. But the exercise of this power was not confined to the trial term. In actions local, such as real or mixed, it was not the practice to grant a change of venue, under any circumstances; nor was it believed to be within the competent common law powers of the court to do so. But as cases of the latter description often occurred, where the ends of justice could not be obtained without such change of venue, the act of 1818, was passed to remedy the evil.

The act of 1819, was intended, from its terms, to embrace the whole subject of a change of venue, for the purpose of obtaining a fair and impartial trial.— The terms employed are too comprehensive to admit of a doubt, but, that the Legislature had it in view, to extend its provisions to every kind of action, that could be instituted in a court of law. And having the whole subject under consideration, it was thought expedient to limit the time when such change of venue should be made.

The last act, although it is restrictive as to the time when a change of venue shall be ordered, contains another feature, that seems to me to be essen-

tially different from the first.    By the first it would seem that the venue was to be changed to an adjacent county, without any reference to the necessity of its being free from the like exception, taken to the county where the suit was instituted.    The last contains the provision, "that it shall be changed to the nearest adjoining county, free from the like exception."    In this case the record shows us, that the plaintiff made as strong a showing against the venue being changed to Clarke county, as the defendant had to its being tried in Mobile.    We are therefore of opinion, that the act of 1819 controls the former act, and that the judge of the Circuit court of Mobile county, had no authority to order a change of venue in this case, and that his order must be vacated, superseded and for nothing held; and that the Circuit court of Mobile county should retain the cause, and proceed to try it, as though no such order had been made; and process is directed accordingly.